UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOANNA PIMENTEL,

                      Petitioner,

v.

UNITED STATES OF AMERICA,

                      Respondent.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
22-CV-7992 (LDH)
23-CV-384 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

       Joanna Pimentel ("Petitioner"), proceeding pro se, petitions pursuant to 28 U.S.C. § 2241 and § 2255 to vacate her sentence.

## BACKGROUND[1]

       Petitioner was convicted by a jury on several counts, including conspiracy to commit murder and murder in aid of racketeering, use of a firearm in connection with a crime of violence, and murder committed in connection with a crime of violence. *See United States v. Pimentel et al*, No. 99-CR-1104-SJ. Judgment was entered on May 18, 2001, and her conviction was affirmed by the United States Court of Appeals for the Second Circuit. *Id.*; *see also United States v. Pimentel,* 346 F.3d 285, 305 (2d Cir. 2003), *cert. denied,* 543 U.S. 955 (2004). On October 18, 2005, Petitioner sought a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. The petition was denied on the merits by memorandum and order dated August 20, 2007. *See Pimentel v. United States*, No. 05-CV-4996-SJ, 2007 WL 2915152 (E.D.N.Y. Aug. 20, 2007). The Second Circuit denied a certificate of appealability and dismissed the appeal by Mandate issued April 30, 2008. Petitioner also filed a petition for a writ of error under the All Writs

---

[1] The facts herein are those alleged in the complaint, and are assumed to be true for the purposes of the motion to dismiss.

Act, 28 U.S.C. § 1651(a), which was dismissed and subsequent motions challenging the dismissal were denied. *See Pimentel v. United States*, No. 11-CV-4724-SJ, 2011 WL 6019013 (E.D.N.Y. Nov. 30, 2011) (petition dismissed); *Pimentel v. United States*, No. 11-CV-4724-SJ, 2012 WL 382593 (E.D.N.Y. Feb. 2, 2012) (Rule 59 Motion denied); *Pimentel v. United States*, No. 11-CV-4724-SJ, 2013 WL 646812 (E.D.N.Y. Feb. 21, 2013) (additional motions challenging the judgment denied). Thereafter, Petitioner filed a new petition challenging the May 18, 2001 conviction, which was transferred to the Second Circuit as second or successive pursuant to 28 U.S.C. § 2255(h). *Pimentel v. United States*, 13-CV-5244-SJ, (Oct. 11, 2013 Order Transferring Case). The Court of Appeals denied authorization for a successive petition by Mandates issued May 14, 2014, and September 12, 2022. *Id.* (May 12, 2022 Second Circuit Mandate.)

Petitioner brings forth challenges to her conviction for violation of 18 U.S.C. § 924(c) and § 924(j), for which she was sentenced on May 18, 2001. Petitioner's instant petitions each challenge the sentence entered on May 18, 2001. Petitioner now alleges that her conviction for violation of 18 U.S.C. § 924(c) should be vacated pursuant to the Supreme Court's holding in *U.S. v. Davis*, which held that mandatory minimum sentences for violating §924(c) is unconstitutionally vague. (*See, generally*, No. 99-CR-1104, ECF No. 216; No. 23-CV-384, ECF No. 1.)

## DISCUSSION

Habeas corpus review, pursuant to 28 U.S.C. § 2241, is available to federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." *Jiminian v.*

*Nash*, 245 F.3d 144, 147 (2d Cir. 2001); *see also* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Here, Petitioner challenges her conviction and sentence imposed by a federal court. Accordingly, Petitioner must proceed pursuant to § 2255, and therefore, her § 2241 petition must be dismissed.

Section 2255 contains several gatekeeping provisions, including strict requirements for bringing successive petitions. A second or successive motion must be certified by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). Thus, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Here, Petitioner asserts that *Davis* provides a new rule of constitutional law that was previously unavailable, and the Supreme Court made that rule retroactive to cases on collateral review. However, only the Court of Appeals, and not this Court, may certify this claim for review. Accordingly, in the interest of justice, the Clerk of Court shall transfer Petitioner's new motion filed under Section 2255 to the United States Court of Appeals for the Second Circuit

3

pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (*per curiam*).

## CONCLUSION

For the foregoing reasons, the petition filed pursuant to 28 U.S.C. § 2241 filed under docket number 23-cv-384 is DISMISSED. The Clerk of the Court is respectfully requested to enter judgment in 23-cv-384 and close that case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal in 23-CV-384. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The petition filed pursuant to 28 U.S.C. § 2255 under docket numbers 99-cr-1104 and 22-cv-7992 is hereby transferred to the United States Court of Appeals for the Second Circuit. If the Second Circuit authorizes Petitioner's § 2255 petition to proceed, she may proceed under Docket Number 99-cr-1104.

The Clerk of Court is requested to send a copy of this order to Petitioner and to make a notation of mailing in each docket.

.

                                          SO ORDERED.

Dated: Brooklyn, New York          /s/ LDH
       November 9, 2023             LASHANN DEARCY HALL
                                        United States District Judge